Fiedler Cos., Inc. v New York Mar. & Gen. Ins. Co. (2021 NY Slip Op 06321)





 Fiedler Cos., Inc. v New York Mar. & Gen. Ins. Co.


2021 NY Slip Op 06321


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Index No. 0303382/15 Appeal No. 14611 Case No. 2020-03095 

[*1]The Fiedler Companies, Inc., Plaintiff-Respondent,
v
New York Marine and General Insurance Company, Defendant-Appellant, Cercone Exterior Restoration Corp., Defendant.


Kennedys Law LLP, New York (Ann Odelson of counsel), for appellant.
Kenney Shelton Liptak Nowak LLP, White Plains (Deborah A. Summers of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about March 16, 2020, which granted plaintiff's motion for summary judgment to the extent of declaring that defendant New York Marine is obligated to defend plaintiff in the underlying personal injury action and denied New York Marine's cross motion for summary judgment, unanimously affirmed, with costs.
The additional insured endorsement to the New York Marine policy issued to plaintiff's subcontractor, defendant Cercone Exterior Restoration Corp., says in plain language that coverage is provided to "[a]ny person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." Although the stand-alone agreement between plaintiff and Cercone setting forth subcontractors' insurance requirements does not name a particular job, the language of the agreement, as well as the testimony, makes clear that the agreement was intended to apply to all jobs for which plaintiff hired Cercone, including the job at issue (see Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 432 [2005]).
In addition, Cercone's president testified that he signed the stand-alone agreement on April 23, 2013 and submitted the agreement to his insurance broker and that, a few days later, the broker generated the certificate of insurance, which made reference to several liability policies maintained by Cercone, including the New York Marine policy. The certificate states, "The Fiedler Companies, Inc. [plaintiff] and all its subsidiaries are included as additional insured [sic] as respects their interest for [sic] jobs being performed by named insured. Re: all operations/all locations." While the certificate of insurance confers no coverage, it provides additional evidence showing that the stand-alone agreement required that plaintiff be named as an additional insured on the New York Marine policy.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021